VERMILYE (UNITED STATES v.). See Case No. 16,618.

---

## Case No. 16,917.

### The VERMONT.

[6 Ben. 115.] [1]

District Court, E. D. New York.   May, 1872.

WHARFAGE—NAVIGATING THE CANALS.

1. The act of the state of New York of May 6, 1870 (Sess. Laws 1870, p. 1696), fixed certain

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

new rates of wharfage, "except that all canal-boats engaged in navigating the canals in this state, and vessels known as North river barges, shall pay the same rates as heretofore."

2. A vessel propelled by steam power, for the sole purpose of towing boats on the canals, while in the process of construction, occupied a wharf in the port of New York. Held, that she was a canal-boat within the meaning of the exception above stated, but was not engaged in navigating the canals, and was, therefore, liable to pay wharfage at the rate prescribed by the act of 1870.

In admiralty.

Barney, Butler & Parsons, for libellants.
Moses Ely, for claimants.

BENEDICT, District Judge. This is an action by a wharfinger to recover wharfage of the steamboat Vermont. The only question which it presents for my determination is whether the vessel proceeded against is to be charged wharfage as a canal-boat navigating the canals in this state.

The statute of the state of New York, passed May 6th, 1870, fixes certain rates of wharfage which may be lawfully charged within the cities of New York and Brooklyn, but contains an exception in the following words: "Except that all canal-boats navigating the canals in this state, and vessels known as North river barges, shall pay the same rates as heretofore."

The Vermont was a boat propelled by steam power, and constructed for the sole purpose of towing boats on canals, and was not adapted to any other navigation. She presented some peculiar features, having been constructed as an experiment, and being an effort to devise a method for using steam power on canals, and was not a vessel of the description ordinarily known as canal-boats. Nevertheless, I consider her to be a canal-boat within the meaning of the exception in the statute in question, which was intended as a protection to all craft while navigating the canals of this state.

If, therefore, it had appeared that at the time she used the libellants' wharf the Vermont was engaged in navigating the canals of this state as her occupation. I should hold her to be within the exception, and only liable to the former rates of wharfage.

But the difficulty here is that the evidence shows that when the Vermont used the libellants' wharf she was in process of construction, and up to the time of leaving this wharf was not completed.

She was intended for navigating the canals of this state, but, as yet, was unfinished, and while so unfinished, and for that reason unfit for any navigation whatever, she could not be considered to be engaged in the canal navigation of this state.

No fact could be referred to as proof of such or any occupation. She was an uncompleted vessel, as yet not engaged in navigating at all. She is not, therefore, covered by the exception, which is expressly confined to vessels engaged in navigating the canals of this state, and must

pay the rates paid by all vessels not so employed. Let a decree be entered for the amount claimed and costs.